# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:22-cv-00371-MR

| | |
|---|---|
| PARIS ROUSE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KILOLO KIJAKAZI, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>)<br> ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before this Court on Plaintiff's Motion for Summary Judgment [Doc. 8] and Defendant's Motion for Summary Judgment [Doc. 10].

## I.    PROCEDURAL HISTORY

Paris Rouse ("Plaintiff") filed an application for a period of Title XVI supplemental security income on June 18, 2018, alleging he had become disabled as of January 1, 2003.   [Transcript ("T.") at 25].    Plaintiff's application was initially denied on September 4, 2018.  [Id.].  On October 31, 2018, Plaintiff requested a hearing before an ALJ, which was held on September 26, 2019.  [Id.].  At this hearing, Plaintiff's counsel amended his alleged onset date to November 20, 2017.  [Id.].  On December 23, 2019,

the ALJ issued a decision that was unfavorable to Plaintiff.  [Id. at 35].  On

July 21, 2020, the Appeals Council denied Plaintiff's request for review,

thereby making the ALJ's decision the final of the Commissioner.[1]  [Id. at 11].

Plaintiff has exhausted all available administrative remedies, and this case

is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner is limited to

(1) whether substantial evidence supports the Commissioner's decision,

Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the

Commissioner applied the correct legal standards.  Hays v. Sullivan, 907

F.2d 1453, 1456 (4th Cir. 1990).  "When examining [a Social Security

Administration] disability determination, a reviewing court is required to

uphold the determination when an ALJ has applied correct legal standards

and the ALJ's factual findings are supported by substantial evidence."  Bird

v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012).

"Substantial evidence is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion."  Johnson v. Barnhart, 434 F.3d

650, 653 (4th Cir. 2005) (internal quotation marks omitted).  "It consists of

---

[1] The Appeals Council extended the time for filing a civil action through September 6, 2022. [T at 1].  This action, filed on August 9, 2022, is therefore timely.

more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [this Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," this Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-00025-MR,

3

2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III.    THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015).  "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps."  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted).  The burden is on the claimant to make the requisite showing at the first four steps.  Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity.  If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant.  Id. (citing 20 C.F.R. § 416.920).  If not, the case progresses to step two, where the claimant must show a severe impairment.  If the claimant

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established, and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. § 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education, or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age,

education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy.  Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006).  "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations."  20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635.  If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied.  Id.  Otherwise, the claimant is entitled to benefits.

## IV.    THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended onset date, November 20, 2017.  [T. at 27].  At step two, the ALJ found that from his alleged onset date Plaintiff suffered from severe impairments, including right shoulder osteoarthritis, scoliosis, tendinitis and bursitis, schizoaffective disorder, and posttraumatic stress disorder ("PTSD").  [Id.].  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the Listings.  [Id. at 28].  The ALJ then determined that between his amended onset date and the date of the ALJ's decision that Plaintiff had:

6

the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except the claimant can perform simple, routine work in a non-production paced setting. The claimant can occasionally interact with coworkers and supervisors, but never with the general public. The claimant can perform low-stress work defined as understanding, remembering and carrying out instructions and tasks that require the exercise of little independent judgment or decision-making and involve only occasional changes to the work setting. The claimant can frequently reach and handle with his right dominant upper extremity.

[Id. at 29-30]. At step four, the ALJ determined that Plaintiff had "no past relevant work." [Id. at 34]. At step five, the ALJ found, based on the testimony of a vocational expert ("VE"), that considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform other jobs that exist in significant numbers in the national economy, including sorter, mail clerk, and office helper. [Id. at 34-35]. The ALJ thus concluded that Plaintiff was not disabled within the meaning of the Act from his alleged onset date through the date of the ALJ's decision. [Id. at 35].

## V.     DISCUSSION[2]

As one of his assignments of error, Plaintiff asserts that the ALJ erred in formulating his RFC because it cannot be reconciled with the medical opinion of Dr. Michael Ford, which the ALJ found "generally persuasive."

---

[2] Rather than set forth a separate summary of the facts in this case, this Court has incorporated the relevant facts into its legal analysis.

7

[Doc. 9 at 4, 6].  Plaintiff also argues that the ALJ erred in evaluating the opinion of Dr. John Miller, a consultative examiner.  [Id. at 10].

The RFC represents "the most [a claimant] can do despite [their] limitations."  20 C.F.R. § 404.1545(a)(1).  In forming the RFC, the ALJ "must both identify evidence that supports his conclusion and build an accurate and logical bridge from that evidence to his conclusion."  Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (brackets, emphasis, and internal quotation marks omitted); see also Monroe, 826 F.3d at 189.  An ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)."  Mascio, 780 F.3d at 636 (citing SSR 96-8p).

"A medical opinion is a statement from a medical source about what [a claimant] can still do despite [their] impairment(s). . . ."  20 C.F.R. § 404.1513.  "[A]n adjudicator must consider [these opinions] when assessing an individual's RFC."  SSR 96-5p.  "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  SSR 96-8p.  When evaluating medical opinions, the ALJ "will articulate in [their] determination or decision how persuasive [they] find all of the medical opinions" in the claimant's record.  SSR 96-5p.  In deciding

8

the persuasive value of a medical opinion, the most important factors considered by the ALJ are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). When considering an opinion's supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." Id. § 416.920c(c)(1). When considering an opinion's consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." Id. § 416.920c(c)(2).

Here, the ALJ evaluated the opinion of Dr. Ford as follows:

> I find the opinion of Dr. Ford dated October 24, 2018 generally persuasive (Exhibit B10F, and B13F). Dr. Ford reported that he was treating the claimant for schizoaffective disorder and PTSD. He noted that the claimant reported no side effects from his medications. He also reported that the claimant was experiencing command auditory hallucinations telling him to hurt people and feeling that people were talking about him. He opined that the claimant would have none to mild limitations in understanding and memory, mild to moderate limitations in concentration and persistence, and mostly mild to moderate limitations in social interactions and adaptation. Lastly, he opined that the claimant would

9

be absent from work two to three times per month. I find this opinion generally persuasive, as it is consistent with simple routine work, with limited social interaction. However, the portion of the opinion indicating that the claimant would require two to three absences from work per month is unsupported as Dr. Ford provided no rationale for this portion of his opinion and it is inconsistent with his treatment records and other evidence of record. Claimant's symptoms are adequately managed by medication; examinations have indicated the claimant has been, cooperative, with claimant voicing no complaints at many of his psychiatric sessions (Exhibit B15F). The remainder of this opinion is consistent and supported with Dr. Ford's own treatment notes of the claimant, during which the claimant reported feeling okay, with improved symptomatology with treatment (Exhibit B15F).

[T. at 33].

The Fourth Circuit has provided that, when formulating an RFC, "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017). The ALJ found the opinion of Dr. Ford "generally persuasive" and relied upon it in formulating Plaintiff's RFC. However, the ALJ seemingly cherrypicked which portions of Dr. Ford's opinion to discuss, as she entirely omitted any reference to the portion of the doctor's opinion stating that Plaintiff suffers from a number of symptoms that would

"frequently interfere with [his] ability"[3] to "[m]aintain attention and concentration for extended periods;" "[p]erform activities within a schedule and consistently be punctual;" "[s]ustain ordinary routine without supervision;" "[w]ork in coordination with or near others without being districted by them;" "[i]nteract appropriately with the public;" "[g]et along with coworkers or peers without distracting them;" and to "[m]aintain socially appropriate behavior." [T. at 443]. The ALJ's decision does not mention this portion of Dr. Ford's opinion and did not explain why it does not necessitate a more restrictive RFC, despite finding Dr. Ford's opinion "generally persuasive." As such, this Court can only guess as to how the ALJ reached her RFC conclusion. Mills, 2017 WL 957542, at *2.

Plaintiff also argues that the ALJ erred in evaluating the opinion of Dr. John Miller. [Doc. 9 at 10]. The ALJ determined that his opinion was "not entirely persuasive" because it was "inconsistent with [Plaintiff's] treating psychiatrist, Dr. Ford, as discussed below." [T. at 32-33]. However, despite suggesting that she would explain "below" why she found Dr. Miller's opinion to be inconsistent with Dr. Ford's, her decision includes no such explanation. Indeed, Dr. Miller's opinion is not mentioned anywhere else in her decision.

---

[3] Dr. Ford's opinion defines frequent symptoms as those that would impact Plaintiff's ability to engage in work related activities for "1/3 – 2/3 of an 8-hr. workday." [T. at 443].

Therefore, this Court cannot decipher how the ALJ concluded that the opinions of Dr. Ford and Dr. Miller are inconsistent. This is especially true as Dr. Miller's opinion that Plaintiff had "marked limitations in interacting with others" is consistent with Dr. Ford's findings that Plaintiff is limited in his ability to maintain socially acceptable behavior and in interacting with coworkers and the public. Therefore, this Court cannot conclude that the ALJ has "give[n] a sufficient reason for the [persuasive value] afforded [Dr. Miller's] opinion." Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015).

## VI.    CONCLUSION

As this Court lacks an adequate basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. Upon remand, the ALJ should clarify which medical opinions that she has adopted and explain why she rejected those that she did not accept. Thereafter, she must "build an accurate and logical bridge from the evidence to [her] conclusion." Monroe, 826 F.3d at 189 (citation omitted). She should also explain how the medical opinions in this matter are supportable and consistent with the medical and other evidence of record, as required by 20 C.F.R. § 416.920c.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. 8] is **GRANTED** and Defendant's Motion for Summary Judgment [Doc. 10] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying, or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: December 6, 2023

Martin Reidinger
Chief United States District Judge